**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4074**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

CHRISTOPHER ANGELO THOMAS, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:18-cr-00071-LCB-1)

Submitted:  August 20, 2019                 Decided:  August 22, 2019

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.  John Mcrae Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Angelo Thomas, Jr., pled guilty, pursuant to a written plea agreement, to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2012). Thomas' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Thomas' 115-month sentence is reasonable. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory range or sentence under the Sentencing Guidelines, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Although Thomas argues that the district court erred in finding that his prior North Carolina common law robbery conviction was a crime of violence for purposes of U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(2), 4B1.2(a)(2) (2016), we have previously

held "that North Carolina common law robbery categorically qualifies as 'robbery,' as that term is used within [USSG] § 4B1.2(a)(2)." *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir 2017), *cert. denied*, 138 S. Ct. 1572 (2018). Accordingly, the court did not err in applying the enhancement. After properly calculating Thomas' Guidelines range, the district court considered the 18 U.S.C. § 3553(a) factors and determined that a sentence at the high-end of the advisory Sentencing Guidelines range was warranted in order to "promote respect for the law, to afford adequate deterrence, and to protect the public," in light of Thomas' continued criminal conduct, his history, the risk to the community, and the nature and circumstances of the offense. The court therefore imposed a 115-month sentence. Thomas has not rebutted the presumption of reasonableness attached to this within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Thomas' conviction and sentence. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3